UNITED STATES of America,
Plaintiff–Appellee,

v.

Arnoldo MENDOZA–VALENCIA,
Defendant–Appellant.

No. 99–30403.
D.C. No. CR–99–00066–BLW.

United States Court of Appeals,
Ninth Circuit.

March 11, 2002.*

Decided March 18, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

Arnoldo Mendoza–Valencia appeals his conviction and 46–month sentence imposed following his guilty plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326. We dismiss.

Mendoza–Valencia contends that the waiver of appeal contained in his plea agreement is unenforceable because his conviction was the result of vindictive prosecution. We disagree.

Without deciding whether a claim based on vindictive prosecution renders an otherwise valid waiver of appeal unenforceable, we conclude that the waiver at issue here is enforceable because Mendoza–Valencia has not presented facts warranting the appearance of vindictiveness. *See United States v. Edmonds,* 103 F.3d 822, 826 (9th Cir.1996) (stating that to prevail on a claim of vindictive prosecution, a defendant must show "... facts that warrant an appearance of such.").

Mendoza–Valencia's vindictiveness claim is based on the fact that the government charged him under § 1326 after he declined the initial offer to plead to a lesser offense under § 1325. "However, ... vindictiveness will not be presumed simply from the fact that a more severe charge followed, or even resulted from, the defendant's exercise of a right." *United States v. Hernandez–Herrera,* 273 F.3d 1213, 1217 (9th Cir.2001). Because, Mendoza–Valencia has failed to present facts warranting the appearance of vindictive prosecution, his written waiver of appeal is enforceable.

**DISMISSED.**

---

1. All pending motions are denied as moot.
* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.